### G. W. DICKEY *v.* R. D. SALMONS.

**Reversal on Weight of the Evidence.**
> Where issues are joined and a trial had before the trial judge, who knew and had an opportunity to observe the witnesses, and who renders a judgment, it will not be disturbed by this court simply because on the face of the record the weight of the evidence seems to be against the finding of the trial court.

#### APPEAL FROM SIMPSON CIRCUIT COURT.

October 30, 1879.

OPINION BY JUDGE HINES:

Upon the question as to whether there was a trade between appellant and Sullivan by which the property in the bay horse passed to Sullivan and the property in the sorrel horse passed to appellant, the evidence is conflicting. We may safely say that the weight of evidence is to the effect that no such trade was made, but is the contrary finding of the court below so flagrantly against the evidence as to justify a reversal? That issue is purely a legal one, and the finding thereon should not be disturbed unless we would be authorized in reversing a judgment based upon such a verdict found by a jury under proper instructions as to the law. It appears to us that, considering the fact that all the parties and witnesses are presumed to have been known to the court below, and that, therefore, the statements of the witnesses received the credence to which they were entitled, the judgment should not be disturbed simply because, on the face of the record, the weight of the evidence seems to be against the finding of the court. When such issues, without objection, are submitted to the court without the intervention of a jury, the parties must be judged by the same standard that would be applied when the judgment is based on the finding of a jury.

Considering the case from an equitable point only we are not prepared to say that the judgment is erroneous. If, as the evidence tends to show, the sorrel horse received by appellant from Sullivan was embraced in the mortgage to appellee, and the horse was sold by appellant and the proceeds of the sale appropriated to his own use, it does not appear to be material whether there was in fact a trade between appellant and Sullivan of the bay for the sorrel horse. We may infer, from the evidence, that appellant had a mortgage upon the sorrel horse; that he agreed to stand good for certain advances made by appellee to Sullivan, and that, in consideration that appellee would release him from this guaranty he (appellant) would cancel his mortgage and permit appellee to take the same property, by mortgage, to protect himself on the advances thus made; that a mortgage, in pursuance of this agreement, was made by Sullivan to appellee, and that the bay horse claimed by appellant was of no greater value than the sorrel horse mortgaged to appellee. In the absence of any fraud on the part of appellee in obtaining possession of the bay horse from Sullivan, there ap-

pears no reason in equity why the value of the one horse may not be set off against the value of the other. On the whole case we are of the opinion that the judgment of the court below should be affirmed.

G. W. Whitesides, for appellant. Bush & Porter, for appellee.